Frederick A. MATCHES et al., Appellants,

v.

M. R. MITCHELL et al., Appellees.

Court of Appeals of Kentucky.

March 11, 1955.

G. D. Milliken, Jr., Bowling Green, for appellants.

Douglas Keen, N. F. Harper, Scottsville, for appellees.

STANLEY, Commissioner.

The issue in the case is whether the plaintiffs, now appellees, M. R. Mitchell and wife, have a private passway over land of the appellants, Frederick A. Matches and wife, who are charged with obstructing the road.

The passway is about one-fourth of a mile long, and is a part of the route from the appellees' home to a county road. The appellants maintained that because of breaks in continuity of use during the necessary period, the right of prescription or adverse use never vested. Much evidence was heard orally by the chancellor. He filed an opinion in which he clearly describes the situation, states the applicable law, notes the contradictory testimony, and records the fact that at the request of the attorneys for both sides, the court had gone with them and the parties and viewed the situation. The court's conclusion was that the weight of the evidence sustained the plaintiffs' claim of a passway, and that there had not been any discontinuance or interruption in the use for any appreciable length of time.

From an early day of the Commonwealth there has been litigation over passways. We suppose the law of passways is as well established as any law in our books. The present case is simply one of fact.

The trial court rendered a written opinion which is essentially a specific finding of fact after considering the evidence, which was heard orally, and viewing the premises in company of attorneys for both parties. The finding is that plaintiff proved his right to the passway as claimed. Even under former practice we would concur. Concurrence is more sure under CR 52.01 which provides that where an action is determined by the court without a jury, the court's findings "shall not be set aside unless clearly erroneous". We do not regard the decision to be so.

Judgment affirmed.